IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARRIN L. JAMES SR.,

    Plaintiff,

  v.                                   No. CIV 10-0445 RB/WDS

K. ROBERTS, JAIL ADMINISTRATOR,
LT. C. CHAVES,
CURRY COUNTY MEDICAL DEPARTMENT,
IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's Motion For Jury Demand (Doc. 4) and Motion For Default Judgment (Doc. 5). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have denied Plaintiff certain prescribed medications, causing him "severe episodes and . . . side effects." Defendants also denied timely surgery that had been ordered for Plaintiff. Plaintiff contends that Defendants' actions violated his rights under the Fourteenth and Eighth Amendments. He seeks damages and equitable relief.

No relief is available on Plaintiff's claims against the individual Defendants in their official capacity or against Curry County Medical Department. First, "local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, this pro se Plaintiff's claims against Defendant Department are construed as directed at the county itself.

Furthermore, "[a] municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom of the municipality." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007). And, as here, "even [assuming the individuals committed] a constitutional violation, [Plaintiff] has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002) (citations omitted). Because Plaintiff alleges that the deprivations were caused only by certain individuals, the Court will dismiss his claims against the County and the individual Defendants in their official capacity.

Plaintiff's Motion For Jury Demand will be denied as moot because this relief does not

require a motion.  *See* Fed. R. Civ. P. 38(b).  The Motion is construed as a timely demand under rule 38(b).  Plaintiff's Motion For Default Judgment will be denied because Defendants are not yet required to take action in this case.  *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Motion For Jury Demand (Doc. 4) is DENIED as moot, and the Motion is construed as a timely demand under Fed. R. Civ. P. 38(b); Plaintiff's Motion For Default Judgment (Doc. 5) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Curry County Medical Department, and Defendants Roberts and Chaves in their official capacity, are DISMISSED; and Defendant Curry County Medical Department, and Defendants Roberts and Chaves in their official capacity, are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Roberts and Chaves.

_____
UNITED STATES DISTRICT JUDGE