**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARRIN L. JAMES SR.,

Plaintiff,

v.                                                                  No. CIV 10-0445 RB/WDS

K. ROBERTS, JAIL ADMINISTRATOR,
LT. C. CHAVES,
CURRY COUNTY MEDICAL DEPARTMENT,
IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY,

Defendants.

**ORDER FOR MARTINEZ REPORT**

THIS MATTER comes before the Court *sua sponte*.  Plaintiff, who is incarcerated and proceeding *pro se*, has alleged that he was wrongfully denied medical treatment at the Curry County Detention Center, resulting in physical and emotional injury.

Martinez Report

The court may order defendants in a case brought by a prisoner proceeding *pro se* to submit a special report (Martinez report) to investigate the incident or incidents which form the basis for plaintiff's lawsuit.  Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978).  The Tenth Circuit has authorized the district court to require a Martinez report to develop a factual or legal basis for determining whether an inmate plaintiff has a meritorious claim.  See, e.g., Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987).

Accordingly, to aid the Court in evaluating Plaintiff's claims in this case, Defendants shall prepare a Martinez report which shall address the following matters:

1.     All documentation relating to the incidents alleged in Plaintiff's complaint regarding (1) changes in psychiatric medication and (2) pain arising from gall stones ("the incidents") and

subsequent gall bladder surgery, which occurred on or about on or about April 23-25, 2010. Information should include, but not be limited to:

    a. identity of corrections department staff and other persons involved in the incidents;

    b. incident reports, staff reports, any videotapes or photographs of the incidents or the area where the incidents occurred around the time it occurred, and any other relevant materials;

    c. use of force reports, if applicable;

2. Documentation regarding Plaintiff's treatment connected to the incidents described above, including but not limited to:

    a. medical treatment records, including all notes recorded by doctors, nurses, or other medical staff;

    b. written requests or slips generated by Plaintiff related to his injuries or treatment;

    c. staff notes;

    d. photographs or videotape depicting any injuries sustained by Plaintiff;

3. Documentation related to any grievances which Plaintiff filed in connection with the aforementioned incidents. Defendants should include a copy of the grievance petition, and any administrative response or action taken.

    Defendants' <u>Martinez</u> report shall address each point in numbered paragraphs. Documents in support of the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered to be in compliance with this order. Defendants shall submit affidavits in support of the report if necessary.

    The report shall be filed on or before January 13, 2012. Defendants shall serve a copy of the report and documentation on Plaintiff, who shall have twenty days from the date of service to

respond.  Motions for extensions of time shall be given due consideration.  **The parties are hereby given notice that the report may be used in deciding whether to grant summary judgment on Plaintiff's claims; the parties should submit whatever materials they consider relevant to Plaintiff's claims.**  *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

**IT IS SO ORDERED.**

                                                **W. DANIEL SCHNEIDER**
                                                **UNITED STATES MAGISTRATE JUDGE**